Hassan A. Zavareei (SBN 181547)
Andrea Gold (*pro hac vice forthcoming*)
TYCKO & ZAVAREEI LLP
1828 L. Street, NW, Suite 1000
Washington, D.C 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
agold@tzlegal.com

Annick Persinger (CA Bar No. 272996)
TYCKO & ZAVAREEI LLP
1970 Broadway – Suite 1070
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
apersinger@tzlegal.com

Scott Edelsberg, Esq. (*pro hac vice forthcoming*)
EDELSBERG LAW, P.A.
19495 Biscayne Blvd #607
Aventura, FL 33180
Telephone: 305-975-3320
scott@edelsberglaw.com

Andrew J. Shamis, Esq. (*pro hac vice forthcoming*)
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 400
Miami, Florida 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff and Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA PALERMO, individually and on behalf of all others similarly situated, | Case No. 18-6505 |
| | **CLASS ACTION** |
| *Plaintiff,* | |
| vs. | **JURY TRIAL DEMANDED** |
| VANITY PLANET, LLC, a California Limited Liability Company, | |
| *Defendant.* | |
| _____/ | |

## CLASS ACTION COMPLAINT

1.    Plaintiff Alicia Palermo brings this action against Defendant, Vanity Planet, LLC, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3.    Defendant is a company that sells beauty and health products.  To promote its services, Defendant engages in aggressive unsolicited marketing, harming thousands of consumers in the process.

4.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6.    The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered here, and because Defendant's unauthorized marketing scheme was directed by Defendant from this District, including to Plaintiff.

## PARTIES

7.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Hillsborough County, Florida.

8.    Defendant is a California limited liability company whose principal office is located at 177 Post St., Suite 200, San Francisco, CA 94108.  Defendant directs, markets, and provides its

CLASS ACTION COMPLAINT

business activities throughout the United States, including throughout the states of California and Florida.

## THE TCPA

9.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

10.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

11.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

12.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express ***written*** consent" for such calls to wireless numbers.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

14.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous

CLASS ACTION COMPLAINT

disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

15.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

16.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

17.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12);   *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

18.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future.  Id.*

19.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

CLASS ACTION COMPLAINT

20.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

21.     Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the ***text message***). (emphasis added).

22.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## **FACTS**

23.     On or about September 27, 2018, Plaintiff visited Defendant's website, www.vanityplanet.com and began the process of purchasing an item from Defendant.

24.     According to Defendant's website, there are at least four separate stages that must be completed in order to make a purchase from Defendant:  Cart, Customer Information, Shipping Method, Payment Method.

25.     In order initiate the pre-purchase process, Plaintiff added her desired item to her online shopping cart.  Plaintiff located the online item she was considering purchasing and clicked "Add to Cart" to add the item to her online shopping cart.

CLASS ACTION COMPLAINT

26.     After clicking on the "Add to Cart" button to add the items to her online shopping cart, Plaintiff was redirected to a "My Cart" page on Defendant's website.   The "My Cart" page identified the item that Plaintiff was considering purchasing.

27.     After viewing the items in her online cart, Plaintiff clicked on the "checkout" button on Defendant's website in order to move to the next stage of the multi-step pre-purchase process.

28.     After she clicked on the "checkout" button, Plaintiff was redirected to the "Customer Information" page.

29.     On this page, Plaintiff was asked to input certain "contact information" and "shipping address" information.  This information was required to advance to the next pre-purchase step in the checkout process.

30.     The "Contact Information" page of Defendant's webpage appears as follows:



31.     Plaintiff inputted her email address in the first data field on the top of the webpage. Below that field, Defendant included a statement stating "Sign up for exclusive offers and news via text messages and/or email".  Next to this statement was a checkbox.

CLASS ACTION COMPLAINT

32.     Defendant's website automatically prepopulates the checkbox with a check. Put another way, the default condition created by Defendant is a check in the sign up box.

33.     Plaintiff does not recall ever clicking on this checkbox.

34.     Plaintiff never expressly consented to receiving automated text messages on her cell phone from Defendant.

35.     Prospective purchasers can click on the checkbox, remove the prepopulated check, and indicate their wish not to "sign up" for the "exclusive offers and news[.]"

36.     However, even if a prospective purchaser clicks on the checkbox and *removes* the prepopulated "check" to "sign up", Defendant captures the prospective purchaser's contact information and still begins emailing and texting the prospective purchaser.

37.     In other words, regardless of whether a prospective purchaser removes the prepopulated check from the checkbox or does not, Defendant sends her text messages.   Because Defendant prepopulates the checkbox in every case, and because Defendant sends prospective purchasers text messages regardless of whether the checkbox contains the prepopulated check or whether the prepopulated check is removed, the checkbox is essentially meaningless as a means of indicating consent, or lack thereof, to receiving text messages.

38.     Because Defendant sends prospective purchasers text messages regardless of whether the checkbox contains the prepopulated check or whether the prepopulated check is removed, it was impossible for Plaintiff and other prospective purchasers to either consent, or withdraw consent, to receive text messages from Defendant.

39.     In other words, if a prospective purchaser fills out the Contact Information page, she will receive automated marketing text messages from Defendant even if she affirmatively tells Defendant that she does not want "exclusive offers and news via text messages and/or emails."

40.     Below the "Sign Up" statement, Defendant's website contains fields for prospective purchaser's name, address and phone number.  Plaintiff inputted this information into the website

CLASS ACTION COMPLAINT

1   and clicked the "continue to shipping method" button in order to advance to the next step in the pre-

2   purchase process.

3        41.     However, at this stage in the pre-purchase process, Plaintiff decided to discontinue the

4   process.  She never completed the transaction with Defendant.

5        42.     By affirmatively deciding not to complete the purchase, Plaintiff believed that she had

6   not released her contact information to Defendant, especially personal information such as her cellular

7   number.

8        43.     Other than this website interaction on or about September 27, 2018, Plaintiff has never

9   had any contact with Defendant.

10        44.     Despite Plaintiff not completing the transaction or otherwise engaging in any other

11   transaction with Defendant, on September 27, 2018 and September 28, 2018, Defendant sent the

12   following telemarketing text messages to Plaintiff's cellular telephone number ending in 5960 (the

13   "5960 Number"):

14

15

16   

17

18

19

20

21

22

23

24

25

26

27

28                                                                CLASS ACTION COMPLAINT

45.     Additionally, during the week of October 15, 2018, Defendant sent the following three automated text messages to Plaintiff:



46.     Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

47.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff beauty products manufactured by Defendant.

48.     The information contained in the text messages advertises Defendant's 70% off sale and promo codes as well as notifying Plaintiff of items allegedly left in her online cart.

49.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted using an ATDS.

50.     Plaintiff is the subscriber and sole user of the 5960 Number and is financially responsible for phone service to the 5960 Number.

51.     Plaintiff has been registered with the national do-not-call registry since 2009.

CLASS ACTION COMPLAINT

52.     The impersonal and generic nature of Defendant's text message demonstrates that Defendant utilized an ATDS in transmitting the messages.  *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at \*11 (N.D. Ga. Mar. 9, 2016) ("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130; *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at \*3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

53.     The text messages originated from telephone number 888-509-9801, a number which upon information and belief is owned and operated by Defendant.

54.     The number used by Defendant (888-509-9801) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

55.     Long codes work as follows:  Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic.  These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

56.     Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case.  The systems utilized by

CLASS ACTION COMPLAINT

Defendant have the capacity to store telephone numbers using a random or sequential number generator, and to dial such numbers from a list without human intervention.

57.    The systems utilized by Defendant to transmit the subject text messages also stores numbers and dials them automatically to send text messages to a stored list of phone numbers as part of scheduled campaigns. *See Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *27 (9th Cir. Sep. 20, 2018).

58.    Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

59.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

60.    Plaintiff brings this case on behalf of the Classes defined as follows:

**No Consent Class: All persons who from four years prior to the filing of this action (1) did not complete a transaction on the Vanity Planet website (2) were sent a text message to their cellular phone number by Defendant or its agent, (3) using the same equipment used to send the text messages to Plaintiff, (4) for the purpose of advertising Defendant's products, (5) without their prior express written consent or with the same purported consent Defendant claims to have obtained from Plaintiff, if any.**

**Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) did not complete a transaction on the Vanity Planet website (2) were sent a text message advertising Defendant's products by or on behalf of Defendant; (3) more than one time within any 12-month period; (4) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (5) without their prior express written consent or with the same purported consent Defendant claims to have obtained from Plaintiff, if any.**

CLASS ACTION COMPLAINT

61.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

62.     Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

63.     The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

64.     There are numerous questions of law and fact common to members of the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the members of the Classes are:

(1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;

(2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

65.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to

CLASS ACTION COMPLAINT

cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

66.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

67.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

68.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

69.    The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.   For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Classes)**

70.    Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

CLASS ACTION COMPLAINT

71.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

72.     Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Classes defined below.

73.     These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Classes when its calls were made.

74.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Classes without their prior express written consent.

75.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

76.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Classes were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Classes are also entitled to an injunction against future calls. *Id.*

## COUNT II
## Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Classes)

77.     Plaintiff re-allege and incorporate paragraphs 1-69 as if fully set forth herein.

78.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

CLASS ACTION COMPLAINT

79.     Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

80.     Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

81.     As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT III**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

83.     Plaintiff repeats and realleges the paragraphs 1 through 69 of this Complaint and incorporates them by reference herein.

84.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

85.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

86.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

CLASS ACTION COMPLAINT

87.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

88.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

89.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

90.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)     An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and counsel as Class Counsel;

a)     An award of actual and statutory damages;

b)     An order declaring that Defendant's actions, as set out above, violate the TCPA;

CLASS ACTION COMPLAINT

1    c)      A declaratory judgment that Defendant's telephone calling equipment constitutes an
2  automatic telephone dialing system under the TCPA;

3    d)      An injunction requiring Defendant to cease all unsolicited text messaging activity, and to
4  otherwise protect the interests of the Classes;

5    e)      An injunction prohibiting Defendant from using, or contracting the use of, an automatic
6  telephone dialing system without obtaining, recipient's consent to receive calls made with such
7  equipment; and

8    f)      Such further and other relief as the Court deems necessary.

9                              **JURY DEMAND**

10          Plaintiff and Class Members hereby demand a trial by jury.

11

12  Dated: October 24, 2018                           Respectfully submitted,

13                                                    /s/ Hassan A. Zavareei
14                                                    Hassan A. Zavareei (SBN 181547)
                                                      Andrea Gold (*pro hac vice forthcoming*)
15                                                    **TYCKO & ZAVAREEI LLP**
                                                      1828 L. Street, NW, Suite 1000
16                                                    Washington, D.C 20036
                                                      Telephone: (202) 973-0900
17                                                    Facsimile: (202) 973-0950
                                                      hzavareei@tzlegal.com
18                                                    agold@tzlegal.com

19                                                    Annick Persinger (CA Bar No. 272996)
20                                                    TYCKO & ZAVAREEI LLP
                                                      1970 Broadway – Suite 1070
21                                                    Oakland, CA 94607
                                                      Telephone: (510) 254-6808
22                                                    Facsimile: (202) 973-0950
                                                      apersinger@tzlegal.com
23

24                                                    **EDELSBERG LAW, P.A.**
                                                      Scott Edelsberg, Esq.
25                                                    Florida Bar No. 0100537
                                                      scott@edelsberglaw.com
26                                                    19495 Biscayne Blvd #607
27

                                          16
28                                                    CLASS ACTION COMPLAINT

Aventura, FL 33180
Telephone: 305-975-3320

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 1205
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*

CLASS ACTION COMPLAINT